UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:07-CR-126 |
| V. | ) | (Phillips / Shirley) |
| | ) | |
| FIDEL DOMINGUEZ PINEDA, | ) | |
| BOLIVAR PEREZ CAMACHO, | ) | |
| YOLANDA MORALES RIVERA, | ) | |
| DANIEL SCHLEBEN, | ) | |
| ANTHONY BILLINGSLEY, | ) | |
| JESSE GOINES, | ) | |
| MITCHELL COZART, and | ) | |
| CHAD JOHNSON, | ) | |
| | ) | |
| Defendants | ) | |


## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C.

§ 636(b) for disposition or report and recommendation regarding disposition by the District Court

as may be appropriate.  On December 17, 2007, this case came before the Court for hearing on

Defendant Yolanda Morales' Motion to Continue Trial Date [Doc. 63].

The government was represented by Assistant United States Attorney Tracee Plowell.

Attorney Gregory Isaacs was present on behalf of Daniel Schleben, who was not present.  Attorney

Jonathan Moffatt was present with his client Anthony Billingsley.  Chad Johnson was present with

his counsel, Attorney Joseph Costner.  Attorney Donny Young was present on behalf of Jesse

Goines, who was not present.  Fidel Pineda was present with his counsel, Attorney Mike Whalen.

Attorney Armando Duran was present with Bolivar Camacho.  Attorney Scott Green was present

with his client Yolanda Morales.

In support of his request, Attorney Green stated that given the volume of discovery material, defense counsel has not had adequate time to prepare this matter for trial on December 19, 2007. Attorney Green cited the number of defendants charged in the indictment and the time period over which the criminal activity is alleged to have taken place. Attorney Green stated that the complexity of the case necessitates additional time for identification and preparation of pretrial motions. The Court observes that one defendant in this case, Mitchell Cozart, has been apprehended but had not made his initial appearance before the Court at the time of the motion hearing.

On behalf of Defendant Schleben, Attorney Isaacs stated that he does not oppose a continuance of the trial and that his client understands he will remain in jail pending trial. Attorney Moffatt agreed that a trial continuance was necessary under the circumstances and stated that he has discussed this matter with Defendant Billingsley, who agrees with the request and understands he will remain in jail. On behalf of Defendant Johnson, Attorney Costner agreed that a continuance was necessary for the additional reason that Defendant Johnson has a Motion to Suppress Evidence [Doc. 49] pending before the Court and has specifically asked for an extension of the motions deadline [Doc. 48]. Attorney Costner has discussed this matter with his client and Defendant Johnson understands he will remain in jail pending the new trial date. Attorney Young agreed with the statements that had been made by the other defense counsel and expressed that his client, Jesse Goines, agrees with the need for a continuance, understanding that he will remain in jail. Attorney Whalen stated that Defendant Pineda joined in the request for a trial continuance for the reasons stated and understands he will remain in jail. Attorney Duran agreed that a trial continuance was necessary on behalf of Defendant Camacho, having explained to his client that he will remain in jail

pending trial.

All parties expressly agreed that all time between the filing of the Motion to Continue Trial Date [Doc. 63] and the new trial date is properly excludable from operation of the Speedy Trial Act.

The Court finds that failure to grant a continuance in light of the fact that there is one suppression motion pending in this matter and requests for more time to ascertain and file additional pretrial motions alone would constitute a miscarriage of justice. In addition, the present trial date of December 20, 2007, does not afford enough time for the parties to review discovery materials, complete their factual investigation, identify and file and pretrial motions, obtain a ruling on those motions and prepare for trial in light of the rulings. The Court finds this to be true taking into account the exercise of due diligence by all parties.

The Court also finds that a failure to continue the December 20, 2007, trial date would deprive the Defendant Johnson of the opportunity to pursue the merit of his pending pretrial motions, which may be dispositive. This Court will require time to conduct a hearing on the motion to suppress, to adequately review the record, and to issue a Report and Recommendation to the District Court. After such ruling, either party will have 10 days to register an objection with the District Court. Should such an objection be made, the District Court will require a meaningful period of time to review the record and the issues presented. The Court observes that all this could not be accomplished before the trial date of December 20, 2007. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

The Court finds that the ends of justice served by a continuance of the December 20, 2007, trial date outweigh the best interest of the public and the defendants in a speedy trial. See 18 U.S.C.

§ 3161(h)(8)(A). Specifically, the Court finds that the need for resolution of the issues raised in Defendant Johnson's Motion to Suppress [Doc. 49] and the interest of all defendants in pursuing pretrial motions and that of the government in pursuing any available objections with the District Court outweigh the interests of the defendants and the public in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). The Court finds that after obtaining rulings on these issues, the parties will need a reasonable time to prepare for trial based on those rulings. See 18 U.S.C. § 3161(h)(8)(B)(iv).

The Court further finds that a failure to grant a continuance would likely make the proceedings impossible in that Defendant Cozart is entitled to a trial date at least 30 days from the time of his appearance before this Court. 18 U.S.C. § 3161(c)(1).

The Court additionally finds that a reasonable period of delay as to those defendants who are joined for trial with co-defendants for whom a continuance is necessary is fully excludable under the Speedy Trial Act. 18 U.S.C. § 3161 (h)(7). The Court finds that the time between the date of filing of the Motion to Continue on December 11, 2007, and the new date of the trial is properly excludable from the operation of the Speedy Trial Act.

For these reasons, it is ORDERED:

(1) The trial of this case is reset to commence at **9:00 a.m. on April 23, 2008**, before the Honorable Thomas W. Phillips, United States District Judge.

(2) Pretrial Motions are due on or before **January 25, 2008.**

(3) Responses are due on or before **February 8, 2008.**

(4) This Court will conduct a Pretrial Conference on **April 11, 2008, at 9:30 a.m.**

(5) The Court finds that all the time between the December 11, 2007, motion filing and the new trial date of April 23, 2008, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.  <u>See</u> 18 U.S.C. § 3161(h)(1)(F), (h)(1)(J), (h)(7) and (h)(8)(A)-(B).

**IT IS SO ORDERED.**

ENTER:


   <u>s/ C. Clifford Shirley, Jr.</u>
United States Magistrate Judge