UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-126 |
| | ) | (PHILLIPS/SHIRLEY) |
| DANIEL SCHLEBEN, | ) | |
| JESSE GOINS, | ) | |
| CHAD JOHNSON, | ) | |
| FIDEL DOMINGUEZ PINEDA, | ) | |
| BOLIVAR PEREZ CAMACHO, | ) | |
| TOMMY DEWAYNE BURGER, | ) | |
| STEPHANIE SCHLEBEN, | ) | |
| SCOTT DUNCAN, | ) | |
| JOE DENNIS SMITH, JR., and | ) | |
| ANDRES DORANTES SE LA ROSA, | ) | |
| | ) | |
| Defendants. | ) | |

**PRETRIAL ORDER**

This action came before the Court pursuant to a telephone conference on November 10, 2008 in which Tracee Plowell as counsel for the government; Gregory Isaacs as counsel for defendant Daniel Schleben; Donny Young as counsel for defendant Jesse Goins; Joseph Costner and Brian Nichols as counsel for defendant Chad Johnson; Mike Whalen as counsel for defendant Fidel Dominguez Pineda; Armando Duran as counsel for defendant Bolivar Perez Camacho; Alexander Brown as counsel for defendant Tommy Dewayne Burger; James Varner, Jr. as counsel for defendant Stephanie Schleben; Dennis Francis as counsel for defendant Scott Duncan; Tommy Hindman as counsel for defendant Joe Dennis Smith, Jr.; and Jonathan Wood as counsel for

defendant Andres Dorantes Se La Rosa, indicated that this Pretrial Order could be entered without the necessity of a formal hearing or pretrial conference.

**I.**

There are no pending motions in this case.

**II.**

Trial procedures to be followed in this case are as follows:

(a) **Jury Selection**. The Court will conduct a preliminary voir dire examination of the jury, and then counsel will be permitted to conduct voir dire examination. The Court reserves the right to interrupt counsel and conduct voir dire on its own if counsel ask improper questions or if the proceedings are unnecessarily prolonged.

(b) **Peremptory Challenges**. Under Fed. R. Crim. P. 24(b)(2), the defendant is entitled to ten peremptory challenges and the government is entitled to six.

(c) **Novel Legal Issues for the Court**. No novel or unusual legal issues were identified as of this time.

(d) **Novel Evidentiary Issues for the Court**. No novel or unusual evidentiary problems were identified as of this time.

(e) **Special Requests for Jury Instructions**. If counsel have any special requests for instructions to the jury, the same shall be filed at least five (5) working days before trial.

(f) **Additional Motions**. No more motions, other than motions in limine, will be allowed to be filed in this cause of action by either side without prior leave of Court to do so, since the motion cut-off date has passed. All motions in limine must be filed at least five (5) working days before trial. Responses to motions in limine are due at least two (2) working days before trial.

(g) **Admissions and Stipulations**. Counsel should meet in advance of trial and carefully review the trial exhibits with a view toward stipulating the admissibility of as many exhibits as possible. Any admissions and stipulations of fact to be used at trial shall be signed by Defendant's attorney and the Defendant and filed at least five (5) working days before trial.

(h) **Courtroom Decorum**. Counsel are encouraged to familiarize themselves with Local Rule 83.3 and ensure that their clients are familiar with the contents of this rule.

### III.

This case will be set for trial before the Honorable Thomas W. Phillips and a jury, to commence at **9:00 a.m. on February 18, 2009**.

If counsel have any objections to this Pretrial Order, such objection should be taken up pursuant to Local Rule 72.4(b), EDTN.

**IT IS SO ORDERED.**

                                             **ENTER:**

                                          s/ C. Clifford Shirley, Jr.
                                          United States Magistrate Judge