UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No.: 3:07-CR-126 |
| | ) |
| DANIEL SCHLEBEN | ) |

## MEMORANUM AND ORDER

This matter is before the court on the defendant's *pro se* motion for early termination of supervised release [R. 102]. In support of his motion, defendant states that he has completed more than half of his time on supervised release; he has regularly completed his reports; and he has passed all drug screens. In addition, defendant reports that he has received permission to leave the Eastern District of Tennessee for work purposes. He has maintained at least one job and as many as three jobs since his release from prison. Defendant further reports that he has regained custody of his two sons, and has taken on coaching positions with community youth leagues.

The probation office informs the court that defendant began his term of supervised release on February 17, 2012, and he has completed 30 months of the five-year term of supervised released ordered by the court. Defendant is 39 years old and lives with his two sons in Ten Mile, Tennessee. Defendant has been gainfully employed since his release from prison and has not incurred any arrests or violations while on supervision. All drug screens have been negative. Therefore, his probation officer states that

defendant meets the general criteria for early termination. The Government has informed the court that it has no objection to defendant's motion.

Defendant pled guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 50 grams or more of crack cocaine. He was sentenced to 60 months imprisonment followed by five years of supervised release. The record shows that defendant has completed at least half of his ordered term of supervised release. Defendant moves for early termination of supervised release pursuant to 18 U.S.C. § 3583(e) which provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7) –
>
> Terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

After carefully considering the requirements of the statute, the court finds that the relevant portions of 18 U.S.C. § 3583(a) support an early termination of defendant's supervised release. In support of this determination, the court notes that defendant has completed 30 months of his term of supervised release and that defendant is in compliance with the conditions of his release. The court also notes that defendant has maintained steady employment since his release from prison; has not incurred any arrests or violations; and his drug screens have been negative. Defendant has regained custody of his two sons and is active in their community youth leagues. The Government does

2

not oppose the motion. Accordingly, because the requirements of 18 U.S.C. § 3583(e)(1) have been satisfied and in light of the lack of any objection by the Probation Office or the Government, the court finds defendant's motion for early termination of supervised release well taken, and it is hereby **GRANTED**. Defendant's term of supervised release is **TERMINATED.**

The court commends the defendant for his efforts at rehabilitation and hopes that he continues to rebuild his life and be a good father to his sons.

Enter:

_____
**UNITED STATES DISTRICT JUDGE**